STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-10-025
GAB -YOR- 3/8/2011

PATRIOT INSURANCE COMPANY,

Plaintiff

v.                                                              **ORDER**

WILLIAM FAHEY and
ESTRELLA MOREL,

Defendants

Plaintiff Patriot Insurance Company filed this complaint for declaratory judgment to establish that certain thefts reported by defendant William Fahey were in fact committed by his wife, defendant Estrella Morel, and therefore not covered by Mr. Fahey's insurance policy. Patriot moves for summary judgment on the grounds that Mr. Fahey has not shown that the items were actually stolen within the meaning of the policy, and that the loss would not be covered if Ms. Morel took the items in question. Following hearing, the motion is Denied.

## BACKGROUND

Michael Fahey is the sole owner of the home and relevant personal property located at 153 Sea Road in Kennebunk, Maine. (Add'l S.M.F. ¶ 5.) Mr. Fahey married defendant Estrella Morel on June 16, 2006. (Add'l S.M.F. ¶ 2.) Both Mr. Fahey and Ms. Morel began residing at 153 Sea Road on June 23, 2006. (Supp. S.M.F. ¶ 4.) Mr. Fahey kept a law office above a detached garage located at the residence. (Supp. S.M.F. ¶ 2.)

Patriot Insurance Company issued a homeowners insurance policy in Mr. Fahey's name with a policy period of January 4, 2009, to January 4, 2010. (Supp. S.M.F.

¶ 5.) Mr. Fahey was charged with Domestic Violence Assault against Ms. Morel on May 18, 2009, and was consequently prohibited from returning to the residence at 153 Sea Road from May 18, 2009 until August 26, 2009. (Supp. S.M.F. ¶¶ 7–9.) He could return to the property only for the purpose of going to his office. (Supp. S.M.F. ¶ 8.)

On June 1, 2009, Mr. Fahey filed a police report indicating that two ornate wood tables had been stolen from his office. (Supp. S.M.F. ¶ 10.) On returning to the garage and office the next day, he discovered that the door handles to his office had been broken off. (Add'l S.M.F. ¶ 15.) A dining table, six chairs, a coffee table, two end tables, and a jury instruction handbook autographed by Boston attorney William P. Homans Jr. were missing from his office. (Supp. S.M.F. ¶ 11; Add'l S.M.F. ¶ 17.) He reported this to the police. (Supp. S.M.F. ¶ 11.) A short time later, Ms. Morel told the police that she had sold the two ornate wooden tables for $150, but denied taking the other items. (Supp. S.M.F. ¶ 12.) Mr. Fahey filed a claim for those other items with Patriot. (Add'l S.M.F. ¶ 26.)

On July 6, 2009, Mr. Fahey discovered that his computer and printer were missing from his office. (Supp. S.M.F. ¶ 13.) Later, during divorce proceedings, Ms. Morel denied taking those or other items.[1] (Add'l S.M.F. ¶ 32.) On July 24, 2009, the District Court issued an order granting Mr. Fahey exclusive possession of the residence effective August 24, 2009. (Supp. S.M.F. ¶ 14.) Ms. Morel left the residence on August 25, 2009. (Supp. S.M.F. ¶ 17.) Mr. Fahey returned to the residence on August 26, 2009, and discovered that a number of his personal items were missing. (Supp. S.M.F. ¶ 16.) All of the missing items were personal, non-marital property belonging to Mr. Fahey.

---

[1]	Patriot admits this statement of fact, but the court notes that Mr. Fahey has only included his own affidavit testimony for support. A statement made during prior sworn testimony is only admissible if the declarant is unavailable. M.R. Evid. 804 (2010). Mr. Fahey has not shown that Ms. Morel is unavailable, and has not provided this court with a transcript of her prior statement. Mr. Fahey may be able to do so at trial.

(Supp. S.M.F. ¶¶ 6–8.) He suspects that Ms. Morel took the missing items, but has no knowledge or evidence that she did so. (Supp. S.M.F. ¶ 18.)

## DISCUSSION

In an action for declaratory judgment, "the substantive gravamen of the complaint" determines the allocation of the burden of proof. *Hodgdon v. Campbell*, 411 A.2d 667, 670 (Me. 1980). An insured normally bears the burden of persuasion in an action to enforce a policy against the insurer. *Id.; see Me. Farms Venison v. Peerless*, 2004 ME 767, ¶ 20, 853 A.2d 767, 771. The insured likewise bears the burden when the insurer seeks a declaration of non-coverage, despite being the nominal defendant. *Id.* at 670–71.

Mr. Fahey's insurance policy covers losses caused by theft, unless the theft is committed by an insured. (Compl. Ex. 1 at 7.) The policy defines a spouse as an insured, so Ms. Morel was an insured at the time the alleged thefts were reported. (Compl. Ex. 1 at 1.) Patriot contends that Mr. Fahey has not made his prima facie case showing that Ms. Morel did not commit the reported thefts, and requests summary judgment in its favor.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" submitted with the parties statements of material facts, "show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to judgment as a matter of law." M.R. Civ. P. 56(c) (2010). Patriot has not produced any competent evidence that either Mr. Fahey or Ms. Morel took the items reported as missing,[2] so the

---

[2] Patriot notes that Mr. Fahey has testified that he suspects Ms. Morel took the items, but Mr. Fahey's uncorroborated speculation is not competent evidence.

only question is whether Mr. Fahey has shown that there is some dispute of fact material to coverage.

Mr. Fahey has testified that his personal property was taken from his residence without his knowledge or permission on multiple occasions during the summer of 2009. (Add'l S.M.F. ¶¶ 5–7, 12, 16–17, 27, 29; Fahey Aff. ¶¶ 5–8, 12, 16–17, 27, 29.) Signs of forcible entry accompanied one such incident. (Add'l S.M.F. ¶ 15.) Each incident was reported to the police and to the insurance company. (Add'l S.M.F. ¶¶ 13, 18–19, 26, 28, 30, 34, 36.) The papers assume that the items have not been recovered. From the above, Patriot is simply incorrect when it states that Mr. Fahey "has failed to set forth any admissible evidence establishing that anyone took the claimed property with the intent to deprive [him] of the property, and with no intention to return the property." (Pl.'s Motion at 7.)

Turning to the question of Ms. Morel's involvement in the matter, she denies that she "took or exercised control over the property claimed by" Mr. Fahey in her answer to Patriot's complaint. (Morel Answer ¶ 20.) Patriot admits that she denied taking any of the claimed items when questioned by police. (Supp. S.M.F. ¶ 12.) There is no other evidence that she did or did not take the items.

Patriot would leave Mr. Fahey with the heavy burden of proving a negative. By demanding that he prove that neither he nor Ms. Morel was involved in the alleged theft, the insurance company would effectively have him to prove who did take the items in order to survive summary judgment. Mr. Fahey's burden is not so onerous. He has produced evidence sufficient to show that the claimed items were stolen in the common sense of the word. Ms. Morel's denial of involvement with the thefts, as evinced in her answer and in Patriot's own statement of fact, at a minimum show that there is a dispute of fact as to whether the losses were caused by an insured's action.

4

Giving the non-moving party the benefit of all reasonable inferences, the record does not show that Patriot is entitled to summary judgment as a matter of law.

## CONCLUSION

Patriot's motion for summary judgment is Denied.

Dated:      March 8 , 2011

G. Arthur Brennan
Justice, Superior Court

```
Plaintiff's Attorneys

Thomas Marjerison, Esq.
Matthew Thomas Mehalic, Esq.
Norman Hanson & Detroy
P.O. Box 4600
Portland, ME 04112-4600


Defendant, William Fahey, Pro se
P.O. Box 121
Farmington, ME 04938


Defendant, Estrella Morel, Pro se
P.O. Box 1335
Calais, ME 04619
```